**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | No. IP 03-CR-191-B/F-06 |
| ) | 1:06-cv-242-SEB-VSS |
| BRENDA L. FINNEY, ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

For the reasons explained in this Entry, the motion of Brenda L. Finney ("Finney") for relief pursuant to 28 U.S.C. § 2255 must be **denied.**

**Discussion**

Drug charges against Finney were resolved through the entry and acceptance of a Plea Agreement between Finney and the United States. One provision of the Plea Agreement provided that if the government sought and the court granted a § 5K1.1 downward departure, Finney waived her right to appeal the conviction and any sentence imposed within the statutory maximum on any ground, and that she agreed not to contest her sentence or the manner in which it was determined in any collateral attack, including, but not limited to, an action brought under 28 U.S.C. § 2255. The United States moved for the contemplated departure and the court granted that request, resulting in the imposition of an executed sentence of 84 months.

Finney now seeks relief from her conviction pursuant to 28 U.S.C. § 2255. This statute "is the primary collateral relief mechanism for federal prisoners," *Reyes-Requena v. United States,* 243 F.3d 893, 901 n.19 (5th Cir. 2001), and provides for collateral relief from a federal conviction or sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

"In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently." *United States v. Hays,* 397 F.3d 564, 567 (7th Cir. 2005) (citing cases). Finney entered such a plea in order to resolve criminal charges against her. Although there are limited circumstances in which the validity of such a waiver provision can be challenged, there are no circumstances presented or discernible here suggesting that this waiver provision of the plea agreement is unenforceable. *See Jones v. United States,* 167 F.3d

1142, 1145 (7th Cir. 1999) (such waivers "are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver"). Accordingly, the waiver provision in the plea agreement bars Finney from proceeding with this action, and there is nothing in the plea agreement or the other pertinent circumstances, including the manner in which Finney was represented, entitling Finney to repudiate it or which renders it invalid. As to this latter point, Finney argues that her attorney was ineffective, but the specification she presents in support of this claim does not impugn the validity of the waiver provision described above. *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir. 1999) (such waivers "are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver").

In any event, moreover, the specifications of ineffective assistance of counsel are based on contentions which would not support relief here.

- Because Finney entered a plea of guilty, she "'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice [s]he received'" was constitutionally ineffective. United *States v. Villegas 388* F.3d 317, 322 (7th Cir. 2004) (citing *Hill v. Lockhart,* 474 U.S. 52, 56 (1985)). Stated otherwise, an unconditional guilty plea waives any non-jurisdictional defects that may have occurred prior to the plea. *United States v. Elizalde-Adame*, 262 F.3d 637, 639 (7th Cir. 2001).

- As part of the Plea Agreement, Finney expressly represented that she was "fully satisfied with [her] attorney's representation during all phases of this case" and that she was "freely and voluntarily pleading guilty . . . because [she is] guilty of the crime to which [she is] entering [her] plea."

- No argument Finney makes at this point suggests in even a remote sense that she was denied the effective assistance of counsel. One necessary feature of such a claim is that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 695 (1984). A defendant suffers prejudice when counsel's ineffective performance leads to an increased sentence for the defendant. *Glover v. United States,* 531 U.S. 198, 202-05 (2001). Finney was exceedingly well represented in relation to the sentence she received, and there is no plausible argument she makes suggesting that she was prejudiced in the manner required by *Strickland.* Additionally, for Finney to be successful with her ineffective assistance of counsel claim, she must first show her attorney performed in a deficient manner, *Strickland,* 466 U.S. at 687, and then prove that "but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). She has not accomplished the former and has not even attempted the latter.

"[C]onclusory allegations do not satisfy *Strickland's* prejudice component." *United States v. Farr,* 297 F.3d 651, 658 (7th Cir. 2002) (citing *United States v. Boyles,* 57 F.3d 535, 550 (7th Cir. 1995). The Seventh Circuit continued:

> We have observed in the past that criminal defendants frequently "demonize" their lawyers. "If we are to believe the briefs filed by appellate lawyers, the only reasons defendants are convicted is the bumbling of their predecessors. But lawyers are not miracle workers. Most convictions follow ineluctably from the defendants' illegal deeds."

*Farr*, 297 F.3d at 658. The same is inescapably true as to Finney's arguments that she was denied the effective assistance of counsel. There is no entitlement to relief as to this claim, based on either the performance prong or the equally important requirement that she suffered prejudice.

Based on the foregoing, therefore, Finney's motion pursuant to 28 U.S.C. § 2255 must be **denied** because of her waiver and because her claim lacks merit. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 06/15/2006

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana